IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RANDY WILLIAMS, § <br> CHAPTER 7 TRUSTEE OF POSITIVE § <br> HEALTH MANAGEMENT, INC. § <br>    *Plaintiff*, § <br> § <br> V. § <br> § <br> § <br> PRIORITY HEALTHCARE L.L.C., § <br> KIMBERLY F. ZIEGLER § <br>    *Defendants*. § | ADVERSARY NO. _____ |

**COMPLAINT FOR DECLARATORY RELIEF, AVOIDANCE OF
POST-PETITION TRANSFERS, AND INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Randy Williams, the Chapter 7 Trustee of Positive Health Management, Inc. ("***Trustee*" or "*Plaintiff*"**") files this Complaint for Declaratory Relief, Avoidance of Post-Petition Transfer, and Injunctive Relief against Defendants Priority Healthcare, L.L.C. ("***Priority Healthcare***") and Kimberly F. Ziegler. For its causes of action, Plaintiff would respectfully show the Court the following:

.
PARTIES

1. Plaintiff is the Chapter 7 Trustee (the "***Trustee***") of Positive Health Management, Inc. ("***Positive Health***" or the "***Debtor***"), a Texas limited liability company with its principal place of business in Harris County, Texas.

2. Defendant Priority Healthcare is a domestic corporation organized under the laws of the State of Texas. Priority Healthcare's principle offices are located at 14637 Pebble Bend Drive,

1

Houston, TX 77068. Priority Healthcare may be served at 6046 FM 2920, Suite 404, Spring, TX 77379.

3. Defendant Kimberly F. Ziegler is located at 6307 Stone Trail Lane, Spring, TX 77379-2442. Defendant Kimberly F. Ziegler is the owner of Defendant Priority Healthcare.

### JURISDICTION AND VENUE

4. The Court maintains subject matter jurisdiction over this adversary proceeding and the parties thereto pursuant to 28 U.S.C. § 1334.

5. Venue is proper in the United States Bankruptcy Court for the Southern District of Texas pursuant to 28 U.S.C. § 1409(a).

### FACTS

#### The Positive Health Management, Inc. Bankruptcy Case

6. This lawsuit arises out of the bankruptcy case, *In re Positive Health Management, Inc.*, Case No. 08-31630 (Bank. S.D. TX. 2008) originally filed as a Chapter 11 case on March 11, 2008. Debtor operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

7. Positive Health held itself out as a certified comprehensive outpatient rehabilitation facility ("*CORF*").

8. As a debtor-in-possession, Positive Health operated in a building owned by Ziegler Enterprises V, L.L.C. which was owned by Ronald Ziegler (now deceased), sole owner of the Debtor, until he transferred ownership to Defendant Kimberly Ziegler in December 2008.

9. The Debtor's monthly operating reports and reorganization plan, filed on or about September 9, 2008, showed projected net income in all years. During chapter 11, the Debtor generated substantial revenue.

<u>Insiders of Positive Health formed Priority Healthcare to defraud creditors</u>

10. Ronald Ziegler's daughter, Defendant Kimberly F. Ziegler, registered Priority Healthcare with the Texas Secretary of State on July 18, 2008. Despite not having any clinical training, her "new" company began using the Debtor's "abandoned" lease space in her father's building to operate the same type of healthcare facility as the Debtor. Yet, Debtor Positive Health never rejected its existing lease with the Court.

11. Priority Healthcare uses the same phone number as Debtor Positive Health. Patients were not notified of any change in management.

12. All of the doctors and employees who worked at Debtor Positive Health began to work at Priority Health. Even Ronald Ziegler continued to "work" at Priority Health.

13. Priority Healthcare is using the Debtor's equipment and infrastructure. No payment was made to purchase or rent it.

14. The Debtor, acting through Ron Ziegler and Kim Ziegler transferred its CORF certification as well as other assets to Priority Healthcare without informing creditors or seeking authorization by this Court. Priority Healthcare did not pay for this property.

15. All of these transactions were designed to hinder, delay and defraud creditors of Positive Health.

<u>Ronald Ziegler and Positive Health continued to hinder, delay and defraud Creditors</u>

16. In mid-2008 during the bankruptcy case, Ronald Ziegler made unauthorized post-petition distributions from the Debtor to himself.

17. Within the past few weeks, Ronald Ziegler delivered multiple boxes of records to his ex-wife, creditor Jennifer Floren.  These records were assets of the bankruptcy estate.  He was not given leave of this Court to transfer those assets.

18. Priority Healthcare has ceased doing business.  Equipment that Priority Healthcare was using and that belongs to the Debtor **was transferred last week** from the rehab facility where Defendants operated to storage units controlled by the Zieglers.  [See attached Declaration of Steve Sopher].  In addition, Kim Ziegler and a former employee of the Debtor are collecting receivables that can be traced directly to assets of the Debtor.  [Id.].

19. Attached is the affidavit of Randy Williams, chapter 7 trustee, in support of the temporary restraining order.  The Debtor's tax returns show that it owns substantial equipment that was then used by Priority Healthcare.

CAUSES OF ACTION

1.  **Substantive Consolidation/Alter Ego**

18. The Trustee incorporates the allegations of the preceding paragraphs by reference as if fully set forth herein.

19. Defendant Priority Healthcare is a dummy or sham entity created to hinder, delay, and defraud creditors of Debtor Positive Health.

20. Defendants utilized Priority Healthcare to defraud creditors of Positive Health's bankruptcy estate and, as such, honoring the separateness of the corporate entities would result in injustice to Debtor's creditors and be fundamentally unfair.

21. Accordingly, Priority Healthcare should be declared to be the alter ego of Debtor Positive Health with all Priority Healthcare assets being turned over and/or substantively consolidated in the bankruptcy estate of the Debtor.

### 2. Unauthorized post-petition transfers of assets

22. If Priority Healthcare is found not to be the alter ego of Positive Health and is not substantively consolidated into the bankruptcy estate, then Debtor Positive Health transferred goodwill, licenses, CORF certification, equipment, accounts, and other assets to Priority Healthcare after the date of petition in violation of 11 U.S.C § 549.

23. Such transfers were without authorization of this Court.

24. It would be an injustice to Debtor's creditors and fundamentally unfair not to avoid such transactions.  These transfers should be avoided.

25. Pursuant 11 U.S.C. § 550, the Trustee is entitled to recover either the property transferred or the value of such property from Defendants or any subsequent transferees.

ADDITIONAL RELIEF SOUGHT

### 1. Injunctive Relief

26. The Chapter 7 Trustee requests injunctive relief against the Defendants and all persons acting in concert with them.  A separate application for a temporary restraining order and preliminary injunction is filed herewith.

27. Given Ronald and Kimberly Ziegler's past behavior, there is a high likelihood that upon notice of this complaint, she will transfer assets out of the bankruptcy estate and/or Priority Healthcare in an attempt to hinder, delay, and defraud creditors.

5

28. There is no adequate remedy at law because Positive Health is already in bankruptcy and Kimberly F. Ziegler will likely continue to create a series of sham companies in which to hide assets thus continuing the cycle of defrauding creditors.

29. Accordingly, immediate injunctive relief pursuant to FED. R. BANK P. 7065 is necessary to prevent Kimberly F. Ziegler or anyone acting in concert with her from transferring assets of Priority Healthcare or Debtor Positive Health outside the ordinary course of business, incurring liabilities of Priority Healthcare or Debtor Positive Health outside the ordinary course of business, making distributions to shareholders, or transferring stock of Priority Healthcare or Positive Health to third parties.

30. Injunctive relief is appropriate to maintain the status quo. There is a high likelihood that the Trustee will prevail on the merits given Ronald and Kimberly Ziegler's past behavior and her current involvement with Priority Healthcare. Additionally, the Trustee will be irreparably harmed without the temporary injunction while Kimberly F. Ziegler will be unharmed with one.

## 2. Sequestration of Assets

31. Pursuant to Bankruptcy Rule 7064, all of Priority Healthcare and Positive Health's equipment and property including all accounts, equipment, personal property, and computers should be sequestered. Plaintiff requests that the Court issue a writ of sequestration.

## 3. Accounting

32. The Chapter 7 Trustee requests an accounting of all assets of the estate transferred to Defendant Priority Healthcare and an accounting of all revenue generated by Priority Health since July 18, 2008.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Trustee respectfully requests that the Court enter judgment against Defendants Priority Healthcare and Kimberly F. Ziegler as follows:

(a) declare Priority Healthcare to be the alter ego of Debtor Positive Health;

(b) substantively consolidate Priority Health into the estate of Positive Health;

(c) issue an injunction pursuant to FED. R. BANK P. 7065 preventing Ronald Ziegler, Kimberly F. Ziegler or anyone acting in concert with them from:

　i. transferring assets of Positive Health and/or Priority Healthcare outside the ordinary course of business,

　ii. incurring liabilities of Positive Health and/or Priority Healthcare outside the ordinary course of business,

　iii. making any distributions to shareholders,

　iv. making transfers of stock of Positive Health and/or Priority Healthcare to third parties,

　v. opening new bank accounts in the name of Priority Healthcare.

(d) order the sequestration of all of Positive Health and/or Priority Healthcare's equipment and property including all accounts, equipment, personal property, and computers.

(e) avoid the transfer of assets from Debtor Positive Health to Priority Healthcare under 11 U.S.C. § 549 including goodwill, licenses, CORF certification equipment, and accounts.

(f) pursuant to 11 U.S.C. § 550 order Priority Healthcare and/or any subsequent transferees to pay money damages for the value of the property transferred.

(g) order an accounting of all assets of the estate transferred to Defendant Priority Healthcare and an accounting of all revenue generated by Priority Health since July 18, 2008.

Dated: July 20, 2009

Respectfully submitted,

By: s/*Kirk A. Kennedy*/
Kirk A. Kennedy, Special Counsel
to the Chapter 7 Trustee Randy Williams
P.O. Box 75281
Houston, TX 77234
Tel: (832) 618.8840
Fax: (713) 583.7069