IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY WILLIAMS, § | | |
| CHAPTER 7 TRUSTEE OF POSITIVE § | | |
| HEALTH MANAGEMENT, INC. § | ADVERSARY NO. 09-3282 | |
| *Plaintiff* § | | |
| § | | |
| v. § | | |
| § | | |
| PRIORITY HEALTHCARE, LLC and § | | |
| KIMBERLY F. ZIEGLER § | | |
| *Defendants* § | | |

DEFENDANTS' ANSWER TO CHAPTER 7 TRUSTEE'S
COMPLAINT FOR DECLARATORY RELIEF, AVOIDANCE OF
POST-PETITION TRANSFERS AND INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Priority Healthcare, LLC and Kimberly F. Ziegler, Defendants herein ("Defendant"), and file this Answer to the Chapter 7 Trustee's Complaint for Declaratory Relief, Avoidance of Post-Petition Transfers and Injunctive Relief (the "Complaint") filed by Randy Williams, Chapter 7 Trustee of Positive Health Management, Inc. ("Plaintiff"), and in support thereof, would respectfully show unto the Court as follows:

1.      Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint except the allegation that Priority Healthcare's principle offices are located at 14637 Pebble Bend Drive, Houston, Texas 77068, which Defendant denies.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

7. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

8. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied. For further answer, Defendant states that Positive Health operated its business at 14637 Pebble Bend Drive, Houston, Texas 77068 (the "Pebble Bend Building") which was owned by Ziegler Enterprises II, LLC, a Texas limited liability company solely owned by Ronald Ziegler. Upon information and belief, Defendant further answers that Ronald Ziegler, without Defendant's knowledge or consent, filed one or more documents with the Texas Secretary of State's office purportedly conveying the ownership of Ziegler Enterprises II, LLC from Ronald Ziegler to Kimberly Ziegler. For further answer, Defendant Kimberly Ziegler states that she has never owned and does not own any interest in either Ziegler Enterprises II, LLC or the Pebble Bend Building. Upon information and belief, Defendant further answers that Ronald Ziegler, without Defendant's knowledge or consent, placed various assets of Positive Health Management, Inc. into an offsite U-Haul storage facility under the name of Priority Healthcare and that

those assets are subject to being auctioned off in the immediate future by the storage facility for non-payment of storage fees.

9. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

10. Defendant admits the allegations contained in the first sentence of paragraph 10 of Plaintiff's Complaint. Defendant admits that Priority Healthcare operated the same type of healthcare facility as the Debtor at the Pebble Bend Building. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

11. Defendant admits the allegations contained in the first sentence of paragraph 11 of Plaintiff's Complaint. Defendant denies the allegations contained in the second sentence of paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in the first sentence of paragraph 12 of Plaintiff's Complaint. Defendant admits that Ronald Ziegler rendered services for Priority Healthcare, LLC. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

13. Defendant denies the allegations contained in the first sentence of paragraph 13 of Plaintiff's Complaint. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

Therefore, for pleading purposes, those allegations are denied. For further answer, Defendant states that the equipment and infrastructure utilized by Priority Healthcare, including but not limited to the telephone system, computers, furniture and weight equipment, were supplied by Defendant Kimberly Ziegler with the exception of an aquatic tube rehabilitation station belonging to Positive Health Management located at the Pebble Bend Building.

14. Defendant admits the allegation contained in paragraph 14 of Plaintiff's Complaint that Debtor transferred its CORF certification to Priority Healthcare. Defendant denies that Kimberly Ziegler acted on behalf of Debtor with respect to the transfer of Debtor's CORF certification to Priority Healthcare. For further answer, Defendant denies that Debtor transferred other assets to Priority Healthcare with the exception of 2 U-Haul storage units which, upon information and belief, Ronald Ziegler transferred to the name of Priority Healthcare without Defendant's knowledge or consent. Upon Defendant's information and belief, any assets which Ronald Ziegler placed in the U-Haul storage units are presumably owned by the Debtor, Positive Health Management, remain in such off-site storage and are subject to the imminent auction sale by the U-Haul facility for unpaid storage fees. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

15. Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendant is without sufficient information to either admit or deny the allegations

contained in paragraph 16 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

17. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint. For further answer, Defendant states that Priority Healthcare recently moved its operations out of the Pebble Bend Building because of erratic and threatening behavior from Ronald Ziegler and his girlfriend and/or common law wife, Letitia Vasquez, during the 2 week period immediately preceding Priority Healthcare's move, including the unauthorized removal of 2 Priority Healthcare computers, the creation of a new Texas limited liability company known as "Priority 1 Healthcare, LLC" without the prior knowledge or consent of Defendant, attempted theft of checks payable to Priority Healthcare, the attempt to fraudulently divert Priority Healthcare's mail to an offsite post office box that only Ronald Ziegler had access to, and Ronald Ziegler's harassment of and threats against employees of Priority Healthcare for refusing to cooperate in fraudulent billing activities to insurance companies under the name "Priority 1 Healthcare, LLC."

19. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.    For further answer, Defendant states that the equipment and infrastructure utilized by Priority Healthcare, including but not limited

to the telephone system, computers, furniture and weight equipment, were supplied by Defendant Kimberly Ziegler with the exception of an aquatic tube rehabilitation station belonging to Positive Health Management located at the Pebble Bend Building.

18. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 18 (under the *Substantive Consolidation/Alter Ego* cause of action) of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

19. Defendant denies the allegations contained in paragraph 19 (under the *Substantive Consolidation/Alter Ego* cause of action) of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint except Defendant admits that Debtor transferred its CORF certification to Priority Healthcare.

23. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint. Therefore, for pleading purposes,

those allegations are denied.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 32 of Plaintiff's Complaint. Therefore, for pleading purposes, those allegations are denied.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all relief requested by Plaintiff in its Complaint be denied; that Plaintiff take nothing; and for such other and further relief to which Defendant may be entitled.

Respectfully submitted, this 29th day of July, 2009.

FUQUA & ASSOCIATES, P.C.

By:    /s/ Richard L. Fuqua
Richard L. Fuqua
Texas Bar No. 07552300
2777 Allen Parkway, Suite 480
Houston, Texas 77019-2129
Telephone:    713.960-0277
Facsimile:    713. 960-1064

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Answer was forwarded by regular U.S. mail, postage prepaid and/or ECF on this the   29th  day of July, 2009  to the following:

Kirk A. Kennedy, Special Counsel
to the Chapter 7 Trustee Randy Williams
P.O. Box 75281
Houston, Texas 77234
Tel.    832.618-8840
Fax    713.583-7069


                                  By:     /s/ Richard L. Fuqua
                                       Richard L. Fuqua