

ENTERED
08/04/2009

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RANDY WILLIAMS,<br>CHAPTER 7 TRUSTEE OF POSITIVE<br>HEALTH MANAGEMENT, INC.<br>*Plaintiff,*<br><br>V.<br><br><br>PRIORITY HEALTHCARE L.L.C.,<br>KIMBERLY F. ZIEGLER<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ ADVERSARY NO. 09-3282 |

**AGREED TEMPORARY RESTRAINING ORDER AND
SCHEDULED HEARING ON PRELIMINARY INJUNCTION**

CAME TO BE HEARD the hearing on PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION (the "Application") filed by Randy Williams, chapter 7 trustee of Debtor, Positive Health Management, Inc. (the "Trustee")  The Court, having considered the stipulations of the Plaintiff and Defendants announced in open court, concludes that the temporary restraining order entered on July 22, 2009 (the "TRO") should continue in effect on the terms set forth below:

The Court finds the Application is supported by evidence that:

1. The Application and this adversary proceeding arise out of the bankruptcy case, *In re Positive Health Management, Inc.*, Case No. 08-31630 (Bank. S.D. TX. 2008) originally filed as a Chapter 11 case on March 11, 2008. Debtor operated as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. Positive Health was a certified comprehensive outpatient rehabilitation facility ("*CORF*").

1

3. As debtor-in-possession, Positive Health operated in a building owned by Ziegler Enterprises II, L.L.C. that was owned by Ronald Ziegler, sole owner of the Debtor. Ron Ziegler transferred ownership of Ziegler Enterprises II, L.L.C. to Defendant Kimberly Ziegler in December 2008.

4. The Debtor's monthly operating reports and reorganization plan, filed on or about September 9, 2008, showed projected net income in all years. During chapter 11, the Debtor generated substantial revenue.

5. Ronald Ziegler's daughter, Defendant Kimberly F. Ziegler, registered Priority Healthcare with the Texas Secretary of State on July 18, 2008. Priority Healthcare began using the lease space formerly occupied by the Debtor to operate the same type of healthcare facility as the Debtor.

6. Priority Healthcare used the same phone number as Debtor Positive Health. Patients were notified of the change in the name of the provider of services.

7. A number of doctors and employees who worked at Debtor Positive Health began to work for Priority Health. Even Ronald Ziegler continued to see patients at Priority Health after the Debtor ceased doing business.

8. Priority Healthcare was using the Debtor's equipment, lease space, infrastructure and CORF certification (the "Assets"). No payment was made to the Debtor for purchase of the Assets. However, payments were made to LOI Lending Services by Priority Healthcare.

9. The Debtor, acting through Ron Ziegler and Kim Ziegler transferred its CORF certification as well as other assets to Priority Healthcare without informing creditors or seeking authorization by this Court. Priority Healthcare did not pay for this property.

**IT IS THEREFORE ORDERED** that Kimberly Ziegler, Priority Healthcare, and all those acting on their behalf or in concert with them, including but not limited to its partners, officers, directors, agents, servants, employees, attorneys, representatives, affiliates, and predecessors in interest (collectively, the "Restrained Parties") are:

(1) prohibited from removing property of Priority Healthcare from storage facilities where it is now located and shall provide a list of all storage facilities where Priority Healthcare or Kim Ziegler have access;

(2) prohibited from opening new accounts (whether banking, credit, loan, or any other financial instrument) and, must provide the Trustee and his counsel with account information for all existing accounts of the Restrained Parties;

(3) prohibited from selling, transferring, moving, relocating, leasing, encumbering with liens, or otherwise disposing or diminishing the value of any property that the Restrained Parties have or removed from the Priority Healthcare facility or Positive Health Management facilities and, shall cooperate with the Trustee in gaining access to any such facilities for the purpose of inventorying property;

(4) prohibited from disposing of or diminishing the value of any accounts receivables of the Debtor or Priority Healthcare (the "Accounts Receivables") provided; however; the Restrained Parties may continue to collect Accounts Receivables but must deposit all checks or proceeds of Priority Healthcare in the "Comerica Accounts", Account Nos. 1881261455, 1881261133, 1881261125 and shall provide the Trustee with information regarding the collection of the Accounts Receivables including access to any servers of the Restrained Parties together with a monthly report of collections activity broken down by individual claim and payor source;

3

(5) at lease forty-eight (48) hours prior to disbursement of funds from the Comerica Accounts the Restrained parties shall provide the Trustee and his counsel with a written list of business expenses (*e.g.*, payroll *etc.*) that need to be paid to maintain the status quo, and unless the Trustee objects in writing to Defendants counsel prior to disbursement, such disbursements may be paid; however, if objection is made, the Defendant may on an emergency basis seek relief from this Court;

(6) ordered to turnover to the Trustee or his designee(s) the property that the Restrained Parties have removed from the Priority Healthcare facility or Positive Health Management facilities including:

(i) the server of Debtor Positive Health Management (to the extent Restrained Parties have actual or constructive possession or know where it is located) and

(ii) any mail addressed to, or checks made payable to, Priority I Healthcare, or the Debtor;

(7) Kim Ziegler shall attend a deposition at a mutually agreeable date/time prior to August 14, 2009.

**IT IS FURTHER ORDERED** that the Restrained Parties' consent, if any, to the entry of this order shall constitute the Restrained Parties' consent to the relief granted.

**IT IS FURTHER ORDERED** that the chapter 7 trustee's petition for preliminary injunction be heard before the Judge of the above-named Court, on **August 28, 2009** at **9:30 a.m.** at Room 600 of 515 Rusk, Houston, TX 77002, and that the relief granted herein shall continue in full force and effect until the Court's hearing on the chapter 7 trustee's application for preliminary injunction.

Signed this 4th day of August 2009.

JEFF BOHM
U.S. BANKRUPTCY JUDGE

AGREED AS TO FORM:

*/s/ Kirk A. Kennedy*

Kirk A. Kennedy
P.O. Box 75281
Houston, Texas 77234
832.618.8840

Special Counsel to Plaintiff
Chapter 7 Trustee of Positive Health Management, Inc.

*/s/ Richard Fuqua*

Richard Fuqua
2777 Allen Parkway
Suite 480
Houston, Texas 77019
713.960.0277

Counsel for Defendants