IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| RANDY WILLIAMS, § | |
| CHAPTER 7 TRUSTEE OF POSITIVE § | |
| HEALTH MANAGEMENT, INC. § | ADVERSARY NO.  09-03282 |
| *Plaintiff*, § | |
| § | |
| V. § | |
| § | |
| § | |
| § | |
| PRIORITY HEALTHCARE L.L.C., § | |
| KIMBERLY F. ZIEGLER § | |
| *Defendants*. § | |

**MOTION FOR CONTEMPT
FOR VIOLATION OF TEMPORARY RESTRAINING ORDER AND
REQUEST FOR EXPEDITED RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Randy Williams, the Chapter 7 Trustee of Positive Health Management, Inc. ("***Trustee or Plaintiff"***") files this Motion for Contempt for Violation of Temporary Restraining Order and Request for Expedited Relief against Defendants Priority Healthcare, L.L.C. ("***Priority Healthcare***") and Kimberly F. Ziegler.  This Motion for Contempt is filed because Priority Healthcare, LLC, and its owner Kimberly Ziegler refuse to provide the information and documents ordered to be produced in the Agreed Temporary Restraining Order.  In support thereof, the Trustee states as follows:

I. F<small>ACTS</small>

1. The Trustee (the "***Trustee***") and Defendants agreed to the Temporary Restraining Order signed August 4, 2009 by this Court (the "***TRO***").

1

2. Defendants have not complied with the terms of this Temporary Restraining Order because Defendants have refused to:

    a.    Provide a list of all storage facilities where Priority Healthcare or Kim Ziegler have access;

    b.    Cooperated with the Trustee in gaining access to any of their facilities for the purpose of inventorying property;

    c.    Provide the Trustee with information regarding the collection of the Accounts Receivables including access to any company servers together with a monthly report of collections activity broken down by individual claim and payer source;

    d.    Turn over to the Trustee the server of Positive Health Management;

    e.    Turn over any mail addressed to, or checks payable to, Priority 1 Healthcare or the Debtor, Positive Health Management.

3. On August 6, 2009, the Trustee provided Defendants with a list of documents it needed in order to prepare for Defendant Kim Ziegler's deposition in accordance with the Temporary Restraining Order. These documents included:

    a.    The server of Positive Health Management;

    b.    Any correspondence to or from Kimberly Ziegler and/or Priority Healthcare pertaining to:

      i) CARF or CORF;

      ii) Ron Ziegler and/or Positive Health;

      iii) Ron Ziegler's counsel with regard to any claims against Ron Zielger and/or PHM;

    c.    Explanation of Benefits;

    d.    Any documents/info/keys necessary to access storage facilities;

    e.    Bank statements back to inception;

    f.    Monthly reports as of TRO Date (August 4, 2009) for:

        i) billing;

        ii) receivables and collections;

        iii) payables;

    g.    Monthly report as of inception date of PHC for receivables and collections report;

    h.    Access to the PHC server (remote access and software or physical access) with any necessary training;

    i.    List of any storage facilities;

    j.    Info on any accounts (whether at bank or any other financial institution);

    k.    List of available dates/time prior to August 14, 2009 for deposition.

4.  While Defendants provided bank statements of Priority Healthcare and made Kimberly Ziegler available for deposition prior to August 14, 2009, Defendants failed to comply with **every other request** for access, documents, or information.  Accordingly, there is no way for the Trustee to adequately prepare for or conduct any deposition.

<u>Efforts to get Defendants to comply with the Temporary Restraining Order</u>

5.  On August 6, 2009, Andrew Haut special counsel for the Trustee sent a letter to Defendant's attorney requesting items necessary for Defendant to comply with the Temporary Restraining Order.

6. On August 10, 2009, Andrew Haut called Defendant's attorney's office and requested a status update on items required by the Temporary Restraining Order. T.J. O'Dowd, an attorney at Defendant's office, said that she just saw the email and would be contacting the client, Defendant Kimberly Ziegler.

7. On August 11, 2009, T.J. O'Dowd sent Andrew Haut all bank statements since inception from three Comerica bank accounts belonging to the Defendant. On this date, T.J. O'Dowd also communicated Ms. Ziegler's availability for deposition on August 13, 2009 and August 14, 2009.

8. On August 13, 2009, Kirk A. Kennedy spoke with Defendants' attorney to urge compliance with the temporary restraining order and to request a meeting with Defendants to discuss interim management.

<u>New Evidence that Priority Healthcare is the Alter Ego of Debtor, Positive Health Management</u>

9. Recently, the Trustee obtained access to computers once used by Tiffany Sustaita and Tabitha McLenon, employees of Defendant Priority Healthcare. Documents from these computers support the Trustee's claims that the distinction between Positive Health Management and Priority Healthcare is artificial:

    a. Letter of name change from Positive Health Management to Priority Healthcare;

    b. Correspondence from Correct Care Clinic, an entity created by Ron Ziegler, showing that Correct Care Clinic collected receivables on behalf of Positive Health Management. Additionally, there was a spreadsheet showing Correct Care Clinic was collecting receivables on behalf of Priority Healthcare.

    c.       An employee information spreadsheet of Positive Health Management which shows many of the same employees as Priority Healthcare.

    d.       An "Urgent" letter from Priority Healthcare notifying all insurance companies that Priority Healthcare's billing address is no longer at Pebble Bend where Positive Health Management was located but at a new address.

    e.       Referral logs from Dr. Key and Dr. Romans to Positive Health Management, two doctors who currently refer patients to Priority Healthcare.

    f.       Check registers from Positive Health Management showing payments to Kimberly Ziegler.

## II. LEGAL STANDARD

10. A party may be held in contempt if it violates a definite and specific court order requiring it to refrain from performing a particular act or acts with knowledge of that order. *SEC v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. Oct. 1981).

11. The civil contempt sanction is "coercive rather than punitive" and is intended to force a recalcitrant party to comply with a command of the Court. *Am. Trucking Ass'n, Inc. v. ICC*, 728 F.2d 254, 255 (5th Cir. 1984).

12. Intent is not an issue in civil contempt proceedings; rather, the question is whether the alleged contemnors have complied with the Court's order. *Jim Walter Res. Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980).

13. Federal district courts should promote "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1.

14. Defendants have knowingly and willfully violated this Court's temporary restraining order.  This Court's order made clear to Defendants which access, documents, and information were required of Defendants.  At no time did Defendants seek clarification or request an extension to perform.  Instead, Defendants have become generally unavailable since obtaining the unfreezing of the bank accounts.

15. Defendants are in violation of the TRO.  The Court should use its inherent and statutory powers to sanction this contempt.  The Trustee respectfully suggests that the Court's order include the following:

(a) A declaration that Defendants are in violation of the temporary restraining order;

(b) A sanction for Defendants' contempt beginning on the date of this order and ending on the date Defendants comply with the temporary restraining order.  The Court should order Defendants' to pay the Trustee $1,000 for each day in further violation of the temporary restraining order.  If Defendants still haven't complied in seven calendar days, they should have to pay the Trustee $5,000 for each additional day not in compliance;

(c) An order to pay reasonable attorneys' fees for this contempt proceeding.  Awarding attorneys' fees is an appropriate use of the Court's inherent power to remedy the contempt of a recalcitrant litigant, particularly given the Defendants' track record before this Court; and

(d) An order setting a hearing on appointment of a receiver to manage Priority Healthcare instead of Kimberly Ziegler so that assets of that Defendant are not diminished.

### III. NEED FOR EXPEDITED RELIEF

16. There is an immediate need for the Court's assistance in compelling the Defendants to comply with the temporary restraining order. The hearing on the preliminary injunction is set for August 28, 2009. It is important that the Trustee be able to adequately prepare for it. The Trustee can not adequately prepare for the hearing without taking the deposition of the Defendant and the Trustee can not adequately prepare for that deposition without getting all of the items Defendant is required to provide in accordance with the temporary restraining order.

17. The Trustee has concerns that the integrity of the assets of the estate may be in jeopardy.

18. Defendants have not demonstrated consistent voluntary compliance with the temporary restraining order.

### IV. CONCLUSION

Defendants have violated the temporary restraining order by not providing access or turning over documents and other materials to the Trustee. Defendants are in contempt and must be sanctioned properly. Defendants must immediately comply with the temporary restraining order.

Dated:  August 17, 2009                                        Respectfully submitted,


By:   *Kirk A. Kennedy*
  Kirk A. Kennedy
  Andrew Haut
  P.O. Box 75281
  Houston, TX 77234
  832.626.9228 (p)
  713.583.7069 (f)

Special Counsel for Chapter 7 Trustee of
Positive Health Management

CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of this Motion has been served upon counsel for all parties, by the method indicated below, on this the 17th day of August 2009 to counsel for the Defendants, Dick Fuqua by first class mail, electronic mail, and/or by fax transmission.

*Kirk A. Kennedy*
Kirk A. Kennedy